**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Pathway IP LLC**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",**<br><br>**Defendants.** | **Case No. 2:26-cv-00651-WSH**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPLY TO DEFENDANTS HELIORA (NO. 20), KELOFAYE (NO. 27) AND VERSATEK'S (NO. 13) BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND RESPONSE TO DEFENDANT VERSATEK'S MOTION TO DISSOLVE OR MODIFY PRELIMINARY INJUNCTION (ECF NO. 68)**

Pathway IP LLC ("Plaintiff") hereby responds to the Defendants Heliora (No. 20), Kelofaye (No. 27) and Versatek's (No. 13) ("Defendants") Brief in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Defendant Versatek's Motion to Dissolve or Modify Preliminary Injunction ("Defendants' Motion").[1]

## I. RESPONSE TO DEFENDANTS' OPPOSITION

### A. Plaintiff Shown a Clear Likelihood of Success on Infringement and Plaintiff's Patent No. 8,500,293 is Valid and Infringed.

Infringement of the '293 Patent is clear and undisputed. Although Defendants' Motion's

[1] This Response is filed in the case the Court does not grant Plaintiff's Motion to Strike Motions, Briefs, and Papers Filed in ECF Docket Nos. 67, 68, 69, 74, 75, 76, AND 77 by Defendants Versatek, Heliora, Kalofaye, and Smiling Shark for Violation of Local Rule LCvR5.1(B) (ECF No. 81.)

subheading for this section on page 3 purports to challenge infringement, the arguments presented refer to allegations of invalidity and infringement made in a separate case involving Plaintiff's Asserted Patent against defendants not involved in the current lawsuit. Defendants have not made the proper showing of how any of the allegations of that case apply here. Defendants' arguments also allege improper joinder of the Defendants under 35 U.S.C. ¶ 299.

The Complaint, in Exhibit B, included claim charts that charted Claim 1 of the '293 Patent, on an element-by-element basis, infringement of each Accused Product. See Complaint, Exhibit B, ECF Page Nos. 57-80 (Versatek), 118-123 (Heliora), and 161-166 (Kalofaye). Plaintiff properly demonstrated direct infringement of Claim 1 under the all-elements, or all-limitations, rule for each Defendant's Accused Product. *See Pennwalt Corp. v. Durand-Wayland, Inc*., 833 F.2d 931, 934, (Fed. Cir. 1987) (en banc) cert. denied, 108 S. Ct. 1226 (1988). In *Pennwalt*, the Federal Circuit approved the lower court's application of an element-by-element analysis. The rule requires that to find infringement, it must be determined whether each claim element is the same as, or equivalent to, a corresponding structure in the accused device. *See generally Id.* In *Corning Glass Works v. Sumitomo Electric*, 868 F.2d 1251 (Fed. Cir. 1989), the Federal Circuit modified the "All Elements" rule, by stating that the equivalent must be found somewhere in the accused device, but not necessarily in the corresponding element. *Athletic Alternatives, Inc. v. Prince Manufacturing, Inc.*, 73 F.3d 1573 (Fed. Cir. 1996).

In the Complaint, Plaintiff made a proper showing of infringement of each element of Claim 1 of the '293 Patent by each of the Defendants' Accused Products. Defendants have no valid noninfringement defense. Defendants argue their Accused Products do not satisfy the claim element a "flexible support arm" in Claim 1. Plaintiff has clearly shown that each of the Accused Product do, in fact, contain a "flexible support arm" in each of the respective claim charts. Further, the specification of the '293 Patent clearly states that "the flexible support arm 20 may also be

constructed of other materials and designs, such as . . . a hinged arm. . . .” Complaint, Exhibit A, Column 6, Lines 59-61. Defendants’ Accused Products clearly meet the claim limitation of “flexible support arm” and infringe Claim 1 of the ’293 Patent by a preponderance of the evidence.

Defendants’ arguments in its Motion have not overcome Plaintiff’s infringement claims and Plaintiff is likely to succeed on the merits. Further, submitting arguments about products from different sellers in a different lawsuit in which Defendants here are not involved, are not relevant here.

Defendants allege invalidity of the ’293 Patent. The ’293 Patent enjoys a presumption of validity. 35 U.S.C. § 282. In order to overcome this presumption, Defendants will need to prove, by clear and convincing evidence, that the ’293 Patent is invalid. *Microsoft Corp. v. i4i Limited Partnership* 564 U.S. 91 (2010). Defendants have listed four documents they allege invalidate the ’293 Patent but have made no showing of a) that these documents are actually prior art, nor b) how, under 35 U.S.C. § 102 or 35 U.S.C. § 103, these documents would invalidate each element of the Claims of the ’293 Patent. Listing documents and making bald allegations outside of the framework of 35 U.S.C. § 102 or 35 U.S.C. § 103 with no further explanation do not rise to the level of a substantial question of invalidity nor to the standard of clear-and-convincing evidence, and do not raise a question of invalidity the ’293 Patent.

Defendants allege that the revival of the ’293 Patent by the United Stated Patent and Trademark Office (“USPTO”) after lapsing due to missing the 7.5 year maintenance fee raises questions of enforceability. Exhibit A contains the grant letter by the USPTO’s Office of Petitions that fully restored the ’293 Patent, which states “[t]he renewed petition meets the requirements to accept the delayed payment of the maintenance fee as unintentional.” Defendants fail to provide any explanation as to why the Office of Petitions made a mistake in restoring the ’293 Patent. The fact is that the Office of Petitions did not make a mistake, and the ’293 Patent is valid and

enforceable.

Defendants in this section on *Infringement* include arguments for misjoinder of Defendants. Since their Motion includes a separate subheading "C" on that issue, Plaintiff will respond below to joinder arguments.

### B. Because Likelihood of Success on the Merits is Clear, There is a Presumption of Irreparable Harm to Plaintiff

With a strong likelihood of success on the merits, there is a presumption of irreparable harm. *Pfizer, Inc. v. Teva Pharm. USA, Inc.*, 429 F.3d 1364,1381 (Fed. Cir. 2005). Because likelihood of success on the merits is clear, there is a presumption of irreparable harm to Plaintiff. *Id*. at 1381.

Defendants allege that the confidential version of the Complaint and Exhibits on Pacer was sealed at the time of filing their Motion. This is untrue. Defendants were all served the full unredacted complaint and exhibits on May 5, 2026. See ECF No. 21, Summons Returned Executed. Defendants filed their Motion on May 19, 2026, eleven days after they were in possession of all of the unredacted complaint and exhibits.

Plaintiff has made a clear allegations of irreparable harm from Defendants and has shown clear evidence of infringement that has not been rebutted. Therefore, when the likelihood of success of infringement is clear, there is a presumption of irreparable harm to Plaintiff.

### C. Joinder of Defendants is Proper Under 35 U.S.C. § 299.

The Federal Circuit's opinion in *In re EMC Corp.*, 677 F.3d 1351, 100 USPQ2d 1539 (Fed. Cir. 2012) described the standards for proper joinder of defendants in a patent infringement case. The Court held:

> We agree that joinder is not appropriate where different products or processes are involved. Joinder of independent defendants is only appropriate where the accused products or processes are

the same in respects relevant to the patent. (Emphasis added here by Plaintiff Pathway IP). But the sameness of the accused products or processes is not sufficient. Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts. To be part of the "same transaction" requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts. The sameness of the accused products is not enough to establish that claims of infringement arise from the "same transaction." Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical.

In addition to finding that the same product or process is involved, to determine whether the joinder test is satisfied, pertinent factual considerations include whether the alleged acts of infringement occurred during the same time period, the existence of some relationship among the defendants, the use of identically sourced components, licensing or technology agreements [*1360] between the defendants, overlap of the products' or processes' development and manufacture, and whether the case involves a claim for lost profits. The district court enjoys considerable discretion in weighing the relevant factors.

In exercising its discretion, the district court should keep in mind that even if joinder is not permitted under Rule 20, the district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where venue is proper and there is only "a common question of law or fact." Fed.R.Civ.P. 42(a); see 9A Wright et al., supra, § 2382 ("[T]he existence of a common question by itself is enough to permit consolidation under Rule 42(a), even if the claims arise out of independent transactions."). Common pretrial issues of claim construction and patent invalidity may also be adjudicated together through the multidistrict litigation procedures of 28 U.S.C. § 1407. *See, e.g., In re Cruciferous Sprout Litig.*, 301 F.3d 1343 (Fed.Cir.2002) (affirming grant of summary judgment of patent invalidity in consolidated cases involving the same three patents). On the other hand, even if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir.2010) (citations omitted).

In summary, the Federal Circuit found that "to determine whether the joinder test is satisfied, pertinent factual considerations include [1] whether the alleged acts of infringement occurred during the same time period, [2] the existence of some relationship among the defendants, [3] the use of identically sourced components, [4] licensing or technology agreements between the defendants, [5] overlap of the products' or processes' development and manufacture, and [6] whether the case involves a claim for lost profits." *Id.* at 1359-60.

The acts of infringement for the Defendants occurred during the same time period,

beginning in 2025:

| HELIORA<br>ASIN B0FNLGG3RT<br>(Exhibit B) | Kelofaye<br>ASIN B0FGKK4MDG<br>(Exhibit C) | Versatek<br>ASIN B0G71XTY58<br>(Exhibit D) |
|---|---|---|
| August 24, 2025<br> | July 3, 2025<br> | Dec. 15, 2025<br> |

There is some relationship between the Defendants since they are mounting a joint defense in this case and use similar language in their advertising of their products on Amazon.com:

| HELIORA<br>ASIN B0FNLGG3RT<br>(Exhibit C) | Kelofaye<br>ASIN B0FGKK4MDG<br>(Exhibit D) | Versatek<br>ASIN B0G71XTY58<br>(Exhibit E) |
|---|---|---|
| Magnetic Selfie Light, Phone Light Compatible with MagSafe iPhone, CRI95 Folding 360° LED Phone Fill Ring Lighting with Mirror for Selfies/Makeup/Photography /Recording/Video/ Conference | Selfie Light, Soft Light Portable Clip Camera Light with Dimmable 3000-9900K with Battery, Clip LED Light Panel for Phone/Laptop/Tablet/ Computer for Vlogging/Video Conference/TikTok/Picture<br><br>With the front clip, the video light can be adjusted any 360°. | Diyife Magnetic Selfie Light for Phone, [Compatible with MagSafe] CRI95, 6 Modes, 45 LED, 360° Rotatable Phone Light with Foldable Mirror, Portable Selfie Ring Light for Zoom Makeup Video Conference |

The Defendants sell the same products using identically-sourced product parts *in respect*

*to the relevant patent*. *In re EMC Corp*. at 1359. There is also overlap of the products' development and manufacture. *Id.* As counsel explained to the Court at the prior hearing for Temporary Restraining Order, the Defendants' products are all variations of the same "selfie light" because of the very narrow range of LED light they are made to emit, even though the products may look different aesthetically. The same LED lights, processors, and software are used by Defendants' products in order to fall within the narrow range of the "Temperature" K values the advertise, which correspond to the final element of Claim 1: "wherein said two or more white LED's have a CIE 1931 color chromaticity x coordinate between 0.300 and 0.420 and a CIE 1931 color chromaticity y coordinate between 0.300 and 0.420." In fact, the measured CIE 1931 chromaticity of the three products are very close:

| HELIORA<br>ASIN B0FNLGG3RT<br>(Exhibit C) | Kelofaye<br>ASIN B0FGKK4MDG<br>(Exhibit D) | Versatek<br>ASIN B0G71XTY58<br>(Exhibit E) |
|---|---|---|
| The accused product has a CIE 1931 color chromaticity x coordinate of 0.328 and a color chromaticity y coordinate of 0.311, which are within the claimed range. Accused products were measured with an LED Spectrometer PCE-CRM 40 from PCE Americas Inc. dba PCE Instruments, 1201 Jupiter Park Drive, Suite 8, Jupiter, FL 33458. | The accused product has a CIE 1931 color chromaticity x coordinate of 0.341 and a color chromaticity y coordinate of 0.343, which are within the claimed range. Accused products were measured with an LED Spectrometer PCE-CRM 40 from PCE Americas Inc. dba PCE Instruments, 1201 Jupiter Park Drive, Suite 8, Jupiter, FL 33458. | The accused product has a CIE 1931 color chromaticity x coordinate of 0.353 and a color chromaticity y coordinate of 0.330, which are within the claimed range. Accused products were measured with an LED Spectrometer PCE-CRM 40 from PCE Americas Inc. dba PCE Instruments, 1201 Jupiter Park Drive, Suite 8, Jupiter, FL 33458. |










The claimed ranges are important because the inventor of the ’293 Patent found that these ranges work best for lighting a human face when making a video conference call or recording video from a computer or phone. Each Defendant highlights the range of light “temperature” their product can emit as a selling point. The temperature K values convert to the CIE 1931 color chromaticity range claimed by the Asserted Patent:

| HELIORA<br>ASIN B0FNLGG3RT<br>(Exhibit C) |
|---|
|  |

| Kelofaye<br>ASIN B0FGKK4MDG<br>(Exhibit D) |
| --- |
|  |
| Versatek<br>ASIN B0G71XTY58<br>(Exhibit E) |
|  |

Thus, the Defendants are properly joined. In the alternative, if the Court does not find joinder appropriate, the Federal Circuit held that "the district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where venue is proper and there is only "a common question of law or fact." Fed.R.Civ.P. 42(a); see 9A Wright et al., supra, § 2382 ("[T]he existence of a common question by itself is enough to permit consolidation under Rule 42(a), even if the claims arise out of independent transactions.") *Id.* Thus, this Court has the discretion to consolidate the Defendants' cases, which would be a more efficient use of judicial resources.

**D. No Substantial Invalidity and Enforceability Questions Defeat the Likelihood of Success.**

This subsection of Defendants' Motion appears to be repeated allegations from its subsection A, and therefore Plaintiff has already responded above to these false allegations.

**E. Plaintiff Has Established Irreparable Harm and Established a Narrowly Tailored Asset Restraint.**

This subsection of Defendants' Motion appears to be repeated allegations from its subsection A, and therefore Plaintiff has already responded above to these false allegations. Defendants have not alleged any facts that demonstrate the asset restraints sought by Plaintiff and granted by the Court are not narrowly tailored.

**F. Versatek's Motion to Dissolve or Modify Should be Denied**

It is unclear to Plaintiff what is different in this subsection for Versatek compared to the allegations for all three Defendants in the prior sections of their Motion. The allegations here were responded to by Plaintiff above for all three Defendants, including Versatek. Versatek was served the unredacted complaint and all exhibits on May 5, 2026, prior to the hearing for Preliminary Injunction. For the same reasons articulated above, Versatek's separate Motion should be denied.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests the Court maintain the Preliminary Injunction Order entered in this case and deny Defendant Versatek's Motion.

Date: May 24, 2026

Respectfully submitted,

/s/ Kendal M. Sheets

Kendal Sheets (VA No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2026, I filed with the Clerk of the Court the foregoing Notice of Voluntary Dismissal using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

__/s/__Kendal M. Sheets
By: Kendal Sheets
(Va. Bar No. 44537)