IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| Pathway IP LLC<br><br>**Plaintiff,**<br><br>v.<br><br>**THE INDIVIDUALS, PARTNERSHIPS,  AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",**<br><br>**Defendants.** | **Case No. 2:26-cv-00651-WSH**<br><br>**JURY TRIAL DEMANDED** |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST ATTORNEY ZHAOXIN ZHANG AND DEFENDANTS NOS. 13 VERSATEK, 20 HELIORA, 27 KALOFAYE, AND 44 SMILING SHARK

Pathway IP LLC ("Plaintiff"), by counsel, requests the Court to assess sanctions against Attorney Zhaoxin Zhang ("Zhang") and Defendants Nos. 13 Versatek, 20 Heliora, 27 Kalofay, and 44 Smiling Shark.

At the preliminary injunction hearing for this case, held by the Court on May 26, 2026, undersigned counsel for Plaintiff requested sanctions to be assessed against Zhang and the defendants that he represents in this matter, Defendants Nos. 13 Versatek, 20 Heliora, 27 Kalofaye, and 44 Smiling Shark for Zhang's actions and various motions filed by Zhang on their behalf.  The Court stated that Plaintiff may file a motion and a proposed order to show cause.

### I.    BACKGROUND

On April 29, 2026 this Court entered a Temporary Restraining Order (Docket No. 13.)

On May 8, 2026, issued an Order (Docket No. 32) granting Zhang to appear pro-hac vice.

On May 9, Zhang filed an "Emergency Motion to Continue Show Cause Hearing on

Preliminary Injunction as to Defendants Heliora and Kalofaye and Request for Telephonic or Video Appearance. (Docket No. 33.)

On May 10, 2026 the Court Ordered (Docket No. 38):

> The <u>33</u> Emergency Motion to Continue Show Cause Hearing on Preliminary Injunction as to Defendants Heliora and Kalofaye and Request for Telephonic or Video Appearance is GRANTED in part and DENIED in part. It is granted to the extent that the Show Cause Hearing scheduled for 5/11/2026 is continued as to the moving Defendants ONLY. Defendants Heliora and Kalofaye shall show cause by 5/11/2026 why the Temporary Restraining Order should not remain in place another 14 days so the Court can reschedule the Show Cause Hearing as to them. <u>It is denied to the extent that counsel requests to appear remotely. Counsel is required to appear in person or obtain local counsel for any future hearings</u>. (Docket No. 38)(Emphasis added.)

On May 11, 2026 Zhang filed (Docket No. 47) Defendants Heliora and Kalofaye's Response to The Court's May 10, 2026 Order (Docket No. 38) to Show Cause  on behalf of Heliora and Kalofaye.

On May 11, 2026 the Court entered a Preliminary Injunction Order (Docket No. 51).  The Order included Zhang's clients Versatek and Smiling Shark, but the Order excluded Zhang's clients Heliora and Kalofaye.

On May 13, 2026 the Court ordered a Show Cause Hearing on Preliminary Injunction set for May 26, 2026 for Defendants Heliora and Kalofaye.

On May 14, 2026 Zhang entered an appearance on behalf of Defendant Versatek. (Docket No. 56.)

On May 19, 2026 Zhang filed a Motion to Dismiss on behalf of Heliora, Kalofaye, and Versatek or in the Alternative, to Sever for Improper Joinder. (Docket No. 67.)

On May 19, 2026 Zhang filed Defendants Heliora, Kalofaye, and Versatek's Brief in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and

2

Defendant Versatek's Motion to Dissolved or Modify Preliminary Injunction. (Docket No. 68.)

On May 21, 2026 Zhang filed a notice of appearance on behalf of Defendant Smiling Shark. (Docket No. 74.)

On May 21, 2026 Zhang filed Defendant Smiling Shark's Notice of Joinder in and Adoption of Defendants' Baimei Tech, Chuangyi, Cloud-Valley Direct, HappyXinaquier, Tripot, VIJIM and cocobeen-US Motions' to Dismiss, Motion to Sever, and Brief in Opposition to Plaintiff's Motions for Preliminary Injunctive Relief. (Docket No. 75.)  The referenced motion to dismiss was filed by a separate group of defendants represented by a different counsel who was not working in a joint defense with Zhang. Zhang made conclusory, simplistic statements that "Smiling Shark joins in and adopts the arguments and requested relief set forth in Defendants' . . . Motion to Dismiss for Failure to State a claim (ECF No. 61) to the extent applicable to Smiling Shark."  Zhang did not brief which parts of the other defendants' motion were applicable to Smiling Shark. (Docket No. 75.)

On May 21, 2026 Zhang filed a Motion to Dismiss for Lack of Jurisdiction on behalf of Smiling Shark. (Docket Nos. 76-77.)

On May 24, 2026 Sheets filed, on behalf of Plaintiff, a Reply to Response to Motion re 68 Brief in Opposition to Motion  re 68 Defendants Heliora, Kalofaye, and Versatek's Brief in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Defendant Versatek's Motion to Dissolved or Modify Preliminary Injunction. (Docket No. 86.)

On May 24, 2026 Sheets filed, on behalf of Plaintiff, a Response to Motion re 67 Motion to Dismiss on behalf of Heliora, Kalofaye, and Versatek or in the Alternative, to Sever for Improper Joinder. (Docket No. 87.)

On Monday, May 25, 2026 Zhang wrote to Attorney Kendal Sheets stating: "We represent Heliora, Kalofaye, and Versatek in above cases. [sic] We write to request meet and confer on

3

continuance of hearing or paper trail of court. Pls. give a time that is suitable for you." Mr. Sheets'

associate, attorney Lance Liu, had already spoken with Zhang twice about settlement with his

clients; Zhang refused to settle for very reasonable numbers.

On May 26, 2026 Zhang filed the "Emergency Motion to Continue or Submit on Papers by

Heliora, Kalofaye, SMILING SHARK, Versatek." (Docket No. 88.) Sheets was driving on the way

to Pittsburg at the time and was not able to respond to Zhang's Motion.  Sheets' co-counsel, Mr. Liu,

began drafting a response but was not able to complete a response prior to the hearing at 1 p.m.  The

Court denied the Motion prior to the hearing.  The Order stated "Parties were notified of today's

rescheduled in person proceeding on 5/13/26. Despite this notice, Moving Defendants have again

asked to be excused from the in person requirement by filing a motion the morning of the hearing.

The motion is denied."

On May 26, 2026 the Court issued an Omnibus Order denying all of Zhang's client's motions

to dismiss and "The Court has entered a Preliminary Injunction against the moving Defendants and

has taken the issue of Joinder raised in Docket No. 67 under advisement."

II.    ARGUMENT

Plaintiff Pathway IP hereby moves this Court for sanctions against Defendants Heliora,

Kalofaye, Versatek and Smiling Shark's (hereinafter "Defendants") and their counsel, Zhaoxin

Zhang ("Zhang"), for (i) disobeying the Court Order for attending the May 26, 2026 in-person

Hearing ("the Hearing"); (ii) filing multiple motions to dismiss and responses on behalf of the

Defendants that forced Plaintiff to respond to, while Zhang never intended to attend the May 26

hearing on the matters, (iii) violating the Code of Civility and (iv) violating Pennsylvania's Ethical

Rule 5.4(a) "A lawyer shall not form a partnership with a nonlawyer if any of the activities of the

partnership consist of the practice of law."

4

**(i) and (ii)      Defendants and Zhang and Defendants should be sanctioned for intentionally disobeying the Court Order to attend the Hearing in-person.**

Zhang works in China with no office in the United States. He knew the Court's Hearing schedule several days prior to the Hearing. He knew the Court ordered him to appear in person or hire a local counsel (*see* Order, Docket No. 38) Zhang did not attend the Hearing as ordered by this Court, nor did he hire a local counsel to do so. Zhang sought a continuance with the Court the *day of the hearing* while Sheets was in transit.  His reasons were that he was in China and it was difficult for him to travel to the United States.

Zhang filed multiple motions on behalf of Heliora, Kalofaye, Versatek and Smiling Shark, to which Plaintiff was forced to file responses to and prepare for argument at the hearing.

Plaintiff does not possess evidence of Zhang's failure to possess a work permit to work in the United States but has a been told by third-parties in China that Zhang does not have a work permit, a travel visa, and an airplane ticket to travel to the United States and to this Court on the date of the Hearing on May 26, 2026.

It strains credulity to believe that Zhang's clients were not aware that he did not intend to attend the hearing of May 26.  Zhang would have to get approval from his clients for the budget for fees and costs to travel to Pennsylvania and attend the hearing.

Therefore, the Court should sanction Defendants and Zhang for disobeying its Order, for filing multiple motions to which Zhang never intended to appear in Court and argue, and failure to appear to argue his client's motions before the Court.

**(iii) Zhang Should be Sanctioned for Violating the Rules of Civility**

In addition to disobeying the Court Order by failing to prepare for traveling to the United States, Zhang chose to disrupt the schedules of the Court and the undersigned by e-filing a Motion for continuance only a few hours before the Hearing at 1:00 p.m. on May 26, 2026. More

specifically, Zhang filed the Motion for continuance while the undersigned was driving to this

Court to attend the Hearing. Zhang's lack of professionalism is astonishing and broke all the

ethical and moral boundaries, including the Pennsylvania Code § 99.3. The Lawyer's Duties to the

Court and to Other Lawyers:

(1)    Zhang's actions violated Pennsylvania Code § 99.3.1 requiring that "A

lawyer should act in a manner consistent with the fair, efficient and humane

system of justice and treat all participants in the legal process in a civil,

professional and courteous manner at all times. These principles apply to the

lawyer's conduct in the courtroom, in office practice and in the course of

litigation."

(2) Zhang's actions violated Pennsylvania Code § 99.3.9 requiring that "A lawyer

should be punctual and prepared for all court appearances."

(3) Zhang's actions violated Pennsylvania Code § 99.3.11 requiring that "A lawyer

should be considerate of the time constraints and pressures on the court in the

court's effort to administer justice and make every effort to comply with

schedules set by the court," and

(4) Zhang's actions violated Pennsylvania Code § 99.3.17 requiring that "A lawyer

should demonstrate respect for other lawyers, which requires that counsel be

punctual in meeting appointments with other lawyers and considerate of the

schedules of other participants in the legal process; adhere to commitments,

whether made orally or in writing; and respond promptly to communications

from other lawyers."

**(iv)    Zhang violated PA Ethical Rule 5.4(a) and 5.4(b)**

6

Zhang is a partner of the Chinese law firm, T&C Law Firm with offices only in China (Exhibit A). Zhang has failed to show that he has not been sharing his U.S. legal fees with his partners in China who are not U.S. attorneys and such sharing of the legal fees in the present case with his Chinese law partners violates the PA Ethical Rule 5.4(a) "A lawyer or law firm shall not share legal fees with a nonlawyer."

Moreover, Zhang's partnership ownership at Tian Ce Law Firm in China also violates the PA Ethical Rule 5.4(b) "A lawyer shall not form a partnership with a nonlawyer if any of the activities of the partnership consist of the practice of law."

Therefore, Zhang should be sanctioned for his violation of PA Ethical Rule 5.4(a) & (b).

## CONCLUSION

Zhang and Defendants should be sanctioned for the acts described herein.

Date: June 7, 2026                                   Respectfully submitted,

                                                      /s/    Kendal M. Sheets
                                                     Kendal Sheets (VA No. 44537)
                                                     ksheets@dnlzito.com
                                                     Tel: 703-489-8937
                                                     DNL ZITO
                                                     1250 Connecticut Avenue, NW
                                                     Suite 700
                                                     Washington, DC 20036
                                                     Fax: (703) 997-7534

                                                     *Attorney for Plaintiff*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2026, I filed with the Clerk of the Court the foregoing Notice of Voluntary Dismissal using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>　/s/　Kendal M. Sheets</u>
By:  Kendal Sheets
(Va. Bar No. 44537)